UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID CHARLES ANDERSON, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SHERIFF ALLI-BALOGUN, M.D, *et al.,* )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-027 RM |

## OPINION AND ORDER

David Anderson, a prisoner confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that Health Care Administrator Karla Foster and Doctors Sheriff Alli-Balogun, Michael Mitcheff, and Dean Rieger denied him medical treatment while he was confined at the Indiana State Prison. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Anderson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition. Estelle v. Gamble, 429 U.S. at 105-07; Gil v. Reed, 381 F.3d 649, 664 (7th Cir. 2004). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), citing McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991).

Mr. Anderson alleges that Dr. Alli-Balogun diagnosed him with kidney problems in late 2002. Later, Dr. Alli-Balogun decided that Mr. Anderson's problem was not as severe as he first thought and took Mr. Anderson's medications, except for his nitro pills, away for three or four days and then cut his medication dosages.

That a doctor sees an inmate and treats him by prescribing medications normally establishes lack of indifference to the inmate's medical problems. Estelle v. Gamble, 429 U.S. at 107-108. Mr. Anderson concedes that Dr. Alli-Balogun prescribed extensive medication for his kidney problem. He states that Dr. Alli-Balogun later reduced his medication, but that Mr. Anderson may disagree with the doctor's decision to reduce his medication states no Eighth Amendment claim. A mere disagreement over treatment a prisoner received from a prison doctor states no § 1983 claim. Hendrix v. Faulkner, 525 F.Supp. 435, 458 (N.D. Ind. 1981), *aff'd in part vacated in part on other grounds sub nom.,* Wellman v. Faulkner, 715 F.2d 269 (7th Cir. 1983), *cert denied* 501 U.S. 1208 (1991); Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996).

3

Mr. Anderson asserts that Dr. Alli-Balogun took away most of his medication for three or four days on one occasion. To prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. Walker v. Peters, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment"). Mr. Anderson does not allege that he suffered any injury from denial of some of his kidney medication for this brief period.

Mr. Anderson alleges that Health Care Administrator Karla Foster violated his Eighth Amendment rights "by making spurious and nefarious statements that my medication dosages weren't cut or discontinued when they were." (Complaint at p. 4). Mr. Anderson does not allege that Ms. Foster cut or discontinued his medication, and that she may have wrongly believed that his medication had not been reduced or discontinued states no claim upon which relief can be granted.

Mr. Anderson alleges that Dr. Mitcheff violated the Eighth Amendment by placing him in a segregated medical unit "for no other reason than questioning his sufficiency as a doctor." (Complaint at p. 4). Mr. Anderson does not allege that conditions on the medical unit violated the Eighth Amendment, and there is no liberty interest implicated by the inter-institutional or intra-institutional transfer of an inmate. Meachum v. Fano, 427 U.S. 215, 225-226 (1976); Montayne v. Haymes, 427 U.S. 236 (1976).

Mr. Anderson alleges that Dr. Rieger made unfounded and nefarious statements that Mr. Anderson hadn't had any episodes of angina and that he made other incorrect statements about Mr. Anderson's medical conditions. Attachments to Mr. Anderson's complaint establish that Dr. Rieger is employed at the Indiana Department of Correction central office, and that on several

occasions he responded to the fifth and final step of Mr. Anderson's grievance appeals. Mr. Anderson doesn't allege that Dr. Rieger ever examined or treated him, or that Dr. Rieger deprived him of medication or treatment or reduced his medication. That Dr. Rieger may have made incorrect statements in his responses to Mr. Anderson's grievance appeals states no Eighth Amendment claim upon which relief can be granted.

Finally, Mr. Anderson alleges that "because of Drs. Alli, Mitcheff, and Rieger's gross negligence and insufficiency I suffered heart problems when I got to Wishard Hospital unrelated to the gall bladder problem I had. I was at Wishard from 9-3-04 to 9-20-04." (Complaint at p. 4). Deliberate indifference is comparable to criminal recklessness, <u>Farmer v. Brennan</u>, 511 U.S. at 837, so a plaintiff must demonstrate more than an inadvertent failure to provide medical care or negligence in treating a medical condition. <u>Estelle v. Gamble</u>, 429 U.S. at 105-07. That any of the defendant doctors may have been negligent in treating Mr. Anderson's gall bladder problem does not make them liable under § 1983 because he suffered unrelated heart problems after he arrived at Wishard Hospital.

For the foregoing reasons, the court DISMISSES the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: April 29 , 2005

                          /s/ Robert L. Miller, Jr.
                          Chief Judge
                          United States District Court